1   LAW OFFICES OF ART HOOMIRATANA
2   ART HOOMIRATANA, ESQ. (CA SBN 247253)
    Email: arthoomiratana@realestatelawcenter.org
3   REALESTATELAWCENTER.ORG
    Email: litigationsupport@realestatelawcenter.org
4   750 East Green Street
    Suite 333
5   Pasadena, California 91101
6   Telephone: (888) 688-4770
    Facsimile: (888) 848-4570
7
8   Attorneys for Plaintiff,
    GORDON FORBES III
9
                    UNITED STATES DISTRICT COURT
10                  CENTRAL DISTRICT OF CALIFORNIA
11
12  GORDON FORBES III,                 CASE No.  CV12-9869-MWF(CW)
13  an individual,
14          Plaintiff,                  PLAINTIFF'S OPPOSITION TO
                                        DEFENDANT ONE WEST BANK, F.S.B.'S
15      vs.                             MOTION TO DISMISS TO PLAINTIFF'S
                                        COMPLAINT AND; MEMORANDUM OF
16                                      POINTS AND AUTHORITIES
17  ONE WEST BANK, F.S.B.;
18  DEUTSCHE BANK NATIONAL
    TRUST COMPANY, AS TRUSTEE           Date: April 15, 2013
19  OF THE INDYMAC INDX                 Time: 10:00 a.m.
                                        Dept:  1600
20  MORTGAGE TRUST 2007-AR21IP          Judge: Hon. Michael W. Fitzgerald
    UNDER THE POOLING AND
21  SERVICING AGREEMENT DATED
22  07-18-2003 ; MERIDIAN
    FORECLOSURE SERVICE, A
23  CALIFORNIA CORPORATION ;
24  AND DOES 1-10, inclusive,
25
            Defendants.
26
27
28
                              1 of 16

PLAINTIFF'S OPPOSITION TO DEFENDANT ONE WEST BANK, F.S.B.'S MOTION
TO DISMISS TO PLAINTIFF'S COMPLAINT AND; MEMORANDUM OF POINTS
AND AUTHORITIES

1    **TO THE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

2    **PLEASE TAKE NOTICE, PLAINTIFF GORDON FORBES III**, by and through counsel,

3    hereby submits his Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint, on the

4    grounds that Defendant's Motion is without merit.

5    The Opposition shall be based on this Opposition, the attached Memorandum of Points

6    and Authorities, on the complete files and records of this action and on such other oral and/or

7    documentary evidence as may be presented at the hearing on the Motion.

8

9    **DATED: March 12, 2013**            **THE LAW OFFICES OF ART HOOMIRATANA**

10

11

12                                        By:

13

14                                        _____/S/_____

15                                        ART HOOMIRATANA
                                          Attorney for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S OPPOSITION TO DEFENDANT ONE WEST BANK, F.S.B.'S MOTION
TO DISMISS TO PLAINTIFF'S COMPLAINT AND; MEMORANDUM OF POINTS
AND AUTHORITIES**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff brings this action for the purpose of adjudicating his rights and retaining his home.

Defendants argue that the Plaintiff's Complaint does not allege sufficient facts supporting the alleged causes of action and deny the allegations set forth in Plaintiff's Complaint. Therefore, Plaintiff rightfully and respectfully opposes the Defendant's Motion to Dismiss.

### II. STATEMENT OF FACTS

On July 18, 2003, Plaintiff executed a promissory note ("Note") in favor of INDYMAC, F.S.B., in the amount of $649,999.00 secured by a deed of trust ("Deed of Trust" or "Mortgage") for the finance of real property located at 1020 Veronica Springs Road, Santa Barbara, California 93105.

Plaintiff became an unwitting party to a third party contract known as the Pooling and Servicing Agreement and Purchase and Sale Agreement as executed by the Defendants and their agents. The funds used at closing of Plaintiff's transaction were not derived from Indymac Bank, FSB, rather, they were proceeds from the sale of securities that were funneled through a series of intermediaries and were eventually wired into Plaintiff's escrow for the funding of the loan transaction. However, Plaintiff's contract note and deed contains language that specifically includes the third party contract and its participants . Defendant and its agents drafted the note and deed and, therefore, the

**PLAINTIFF'S OPPOSITION TO DEFENDANT ONE WEST BANK, F.S.B.'S MOTION TO DISMISS TO PLAINTIFF'S COMPLAINT AND; MEMORANDUM OF POINTS AND AUTHORITIES**

contract shall be construed liberally against Defendants.

Subsequently, Defendants attempted but failed to assign or transfer Plaintiff's Note to DEUTSCHE BANK.  As such, Defendants have no authority to collect on the Note and enforce the Deed of Trust.  Despite Defendants' failure to perfect a security interest, DEUTSCHE BANK and its agents have attempted to collect on this Note and enforce the Deed of Trust with the knowledge that they have no legal right to do so. In addition to violating the Fair Debt Collection Practices Act and the Real Estate Settlement Procedures Act, Defendants knowingly concealed their lack of an enforceable security interest by fabricating and recording false documents in the Santa Barbara County Recorder's Office.  Defendants' conduct is not only unfair and fraudulent, but also constitutes a violation of California Penal Code section 532(f)(a)(4).   Through this action, Plaintiff seeks damages resulting from Defendants' unlawful conduct and a declaratory judgment establishing that Defendants have failed to substantiate a perfected security interest in the Note and deed of Trust (collectively referred to as "Loan"). Simply put, Defendants have no legal, equitable, or pecuniary interest in the Note and Deed of Trust.

## III. LEGAL STANDARD FOR MOTION TO DISMISS

A Motion to Dismiss under *Federal Rule of Civil Procedure 12(b)(6)* tests the legal sufficiency of the claims asserted in the complaint.  The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan*

**PLAINTIFF'S OPPOSITION TO DEFENDANT ONE WEST BANK, F.S.B.'S MOTION TO DISMISS TO PLAINTIFF'S COMPLAINT AND; MEMORANDUM OF POINTS AND AUTHORITIES**

*v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997).*  When evaluating a *Rule 12(b)(6)* motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.  *Moyo v. Gomez, 32 F.3d 1382, 1984 (9th Cir. 1994). Rule 12(b)(6)* is read in conjunction with *Rule 8(a),* which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. *FED. R. CIV. P. 8(a)(2).*  Dismissal of a complaint for failure to state a claim is not proper where a Plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).*  In keeping with this liberal pleading standard, the District Court should grant the Plaintiff leave to amend if the Complaint can possibly be cured by additional factual allegations.  *Doe v. United States, 58 F. 3d 494, 497 (9th Cir. 1995).*

## IV.   ARGUMENT

### a. The Tender Rule Does Not Bar Plaintiff's Complaint

Ultimately, whether or not it is equitable to require tender is a question of fact inappropriate to decide in a Demurrer.  In <u>Storm v. America's Servicing Company et. al.,</u> No.09cv1206, 2009 WL 3756629, at 6 (S.D.Cal. Nov. 6, 2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the court stated that it was "unaware of any case holding there is a bright-line rule requiring tender of the unpaid debt to set aside a sale in other circumstances" and that tender was a "matter of discretion left up to the Court." Moreover, "[A]t the procedural stage the Court only

**PLAINTIFF'S OPPOSITION TO DEFENDANT ONE WEST BANK, F.S.B.'S MOTION TO DISMISS TO PLAINTIFF'S COMPLAINT AND; MEMORANDUM OF POINTS AND AUTHORITIES**

1   decides whether Plaintiffs have pleaded "enough facts to state a claim to relief that is

2   plausible on its face." Here, tendering the entire loan amount   would unjustly enrich

3   Defendant.   **There is a genuine dispute as to the full amount owed on the Note**.

4   Moreover,   the allegations of the complaint make clear Plaintiff is stating a claim for

5

6   relief based upon Defendants wrongful foreclosure.  If foreclosure of the subject property

7   was wrongful, no rationale exists for overburdening the Plaintiff with a full debt tender at

8   the outset of the case before the evidence in support of the prima facie case.  In any event,

9

10   should Defendants position have any merit, which Plaintiffs dispute, the court may access

11   the tender requirement on Plaintiffs at judgment if the court deems it appropriate.

12

13              **b.  Plaintiff has Pleaded Sufficient Facts for Declaratory Relief**

14         Section 2201(a) of Title 28 of the United States Code provides that: "In a case of

15   actual controversy within its jurisdiction, except with respect to Federal taxes other than

16   actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding

17   under section 505 or 1146 of title 11, or in any civil action involving an antidumping or

18

19   countervailing duty proceeding regarding a class or kind of merchandise of a free trade

20   area county (as defined in section 516A (f)(10) of the Tariff Act of 1930), as determined

21   by the administering authority, any court of the United States, upon the filing of an

22

23   appropriate pleading, may declare the rights and other legal relations of any interested

24   party seeking such declaration, whether or not further relief is or could be sought. Any

25   such declaration shall have the force and effect of a judgment or decree and shall be

26

27   reviewable as such."

28

**PLAINTIFF'S OPPOSITION TO DEFENDANT ONE WEST BANK, F.S.B.'S MOTION TO DISMISS TO PLAINTIFF'S COMPLAINT AND; MEMORANDUM OF POINTS AND AUTHORITIES**

Section 2202 of Title 28 of the United States Code states: "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse part whose rights have been determined by such judgment."

Here, Plaintiff alleges that DEUTSCHE BANK does not have a secured or unsecured legal, equitable, or pecuniary interest in the lien evidenced by the Deed of Trust and that its purported assignment has no value since the Deed of Trust is wholly unsecured. On June 25, 2012, Defendants claimed they were assigned and transferred a secured enforceable interest in, and a perfected lien against the Plaintiff's Note, Deed of Trust, and Property.

Thus, the competing allegations made by Plaintiff and Defendants, above, establish that a real and actual controversy exists as to the respective rights of the parties to this matter, including ownership of the Property.  Plaintiff has stated a valid basis for declaratory relief.  "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Joslin v. Secretary of the Dept. of Treasury, 832 F.2d 132 (10th Cir.) Plaintiff will suffer prejudice if the Court does not determine the rights and obligations of the parties because: (1) Plaintiff will be denied the opportunity to identify his true and current creditor/lender and negotiate with them; (2) he will be denied the right to conduct discovery and have ONE WEST and DEUTSCHE BANK's claims

**PLAINTIFF'S OPPOSITION TO DEFENDANT ONE WEST BANK, F.S.B.'S MOTION TO DISMISS TO PLAINTIFF'S COMPLAINT AND; MEMORANDUM OF POINTS AND AUTHORITIES**

1  verified by a custodian of records who has personal knowledge of the loan and all

2  transactions related to it; and (3) he will be denied the opportunity to discover the true

3  amount he still owes minus any illegal costs, fees, and charges.

4

5      Because there is an actual case and controversy regarding competing claims and

6  allegations, it is necessary that the Court declare the actual rights and obligations of the

7  parties and make a determination as to whether ONE WEST or DEUTSCHE BANK's

8  claims against Plaintiff are enforceable and whether they are secured or unsecured by any

9

10  right, title, or interest in Plaintiff's Property.

11      **c.  Plaintiff Has Pleaded Sufficient Facts for Negligence**

12      It is true that courts have held that in the standard lender/borrower relationship, a duty

13  of care is not necessarily created.  As the court held in *Nymark v. Heart Federal Savings*

14

15  *& Loan Association.,* 231 Cal. App. 3d 1089, 1095 (1991) "[A]s a general rule, a

16  financial institution owes no duty of care to a borrower when the institution's

17  involvement in the loan transaction does not exceed the scope of its conventional role as

18

19  a mere lender of money."

20      However, the Nymark court simply found that a duty was not owed under the facts *in*

21

22  *that case* after analyzing them pursuant to the six part test established in *Biakanja v.*

23  *Irving, 49 Cal2d 647, 122 P.2d 294.*  This test balances six non-exhaustive factors: (1)

24  the extent to which the transaction was intended to affect the Plaintiffs; (2) the

25

26  foreseeability of harm to him; (3) the degree of certainty that the Plaintiffs suffered

27  injury; (4) the closeness of the connection between the Defendant's conduct and the

28

**PLAINTIFF'S OPPOSITION TO DEFENDANT ONE WEST BANK, F.S.B.'S MOTION TO DISMISS TO PLAINTIFF'S COMPLAINT AND; MEMORANDUM OF POINTS AND AUTHORITIES**

injury suffered; (5) the moral blame attached to the Defendant's conduct; and (6) the policy of preventing future harm. *Biakanja, 49 Cal. 2d at 650.*

When applied to Defendant, unlike in Nymark, the factors clearly weigh in favor of the finding that Defendant owed Plaintiff a duty of care. See *Garcia v. Ocwen Loan Servicing, LLC,* 2010 WL 1881098 (N.D. Cal.) (Denying motion to dismiss negligence claim against loan servicer and holding that servicer owed borrower a duty of care). Specifically, the servicing of the mortgage loan was intended to affect Plaintiff and his home. Next, there is clear foreseeability of harm to Plaintiff as he could, and will, lose his home, i.e., actual injury. Moreover, loss of Plaintiff's home is a direct result of the Defendant's breach of their duty of care as they falsely communicated with Plaintiff and proceed to foreclose on the property after Defendant promised it would not sell the property and would work to achieve a loan modification. California has established a policy of preventing unnecessary and wrongful foreclosures. When the lender starts the process of offering foreclosure relief, they create a duty to treat the borrower in good faith. ONE WEST has breached its duty owed to Plaintiff to act in good faith.

### d. Plaintiff has Stated a Cause of Action for Quasi Contract

A quasi-contract is an obligation imposed by law to prevent unjust enrichment. Also called a contract implied-in-law or a constructive contract, a quasi-contract may be presumed by a court in the absence of a true contract. Mutual assent is not necessary, and the Court may impose an obligation without regard to the intent of the parties. The remedy is typically restitution or recovery under a theory of quantum meruit.

---

**PLAINTIFF'S OPPOSITION TO DEFENDANT ONE WEST BANK, F.S.B.'S MOTION TO DISMISS TO PLAINTIFF'S COMPLAINT AND; MEMORANDUM OF POINTS AND AUTHORITIES**

1    See, e.g. Clay v. Independent School Dist. No. 1 of Tulsa County, 935 P.2d 294 (Okl.

2    1997).

3          In Javaheri v. JPMorgan Chase Bank, Case No. CV10-08185, the United States

4    District Court for the Central District of California denied JPMorgan Chase Bank's

5

6    Motions to dismiss a borrower's claims for Wrongful Foreclosure, Quiet Title, and Quasi

7    Contract.  One of the theories raised was the "Quasi Contract" claim, where the borrower

8    alleged that JPMorgan was unjustly enriched by any payments made by the borrower to

9

10   JPM which were not paid to the lender or beneficiary. The Court concluded, for purposes

11   of pleading, that "if indeed JPMorgan did not own the Note yet received payments

12   therefrom, those payments may have been received unjustly".

13

14         DEUTSCHE BANK attempted but failed to become a party to the Note and Deed

15   of Trust when it was purportedly assigned FDIC's interest in Plaintiff's Note and Deed of

16   Trust.  ONE WEST and/or DEUTSCHE BANK demanded monthly mortgage payments

17   from Plaintiff for over nine years.  Plaintiff reasonably relied upon ONE WEST and/or

18

19   DEUTSCHE BANK's assertion that they were entitled to payments.

20         ONE  WEST  and/or  DEUTSCHE  BANK  knowingly  accepted  payments  and

21   retained them for their own use knowing that ONE WEST and/or DEUTSCHE BANK

22

23   did not acquire an interest in Plaintiff's Note, such that they could accept or keep

24   Plaintiff's payments.  It would be inequitable for ONE WEST and/or DEUTSCHE

25   BANK to retain the payments it received from Plaintiff which they did not have legal

26

27   authority to collect.  The equitable remedy of restitution when unjust enrichment has

28

**PLAINTIFF'S OPPOSITION TO DEFENDANT ONE WEST BANK, F.S.B.'S MOTION
TO DISMISS TO PLAINTIFF'S COMPLAINT AND; MEMORANDUM OF POINTS
AND AUTHORITIES**

occurred is an obligation created by the law without regard to the intention of the parties, and is designed to restore the aggrieved party to his or her former position by return of the thing or its equivalent in money.

Section 23 of the Deed of Trust states that: "Upon payment of all sum secured by this Security Investment, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it." The obligation to ONE WEST under the Deed of Trust were fulfilled when ONE WEST received the balance on the Note as proceeds of the sale of Plaintiff's Note and Mortgage to a presently unknown entity. ONE WEST and/or DEUTSCHE BANK have been unjustly enriched by collecting monthly payments from Plaintiff when they have no interest in his Note or Deed of Trust.

   e. **Plaintiff Has Stated A Cause of Action for Violation of 15 U.S.C. Section 1692.**

Defendant DEUTSCHE BANK attempted to collect Plaintiff's debt obligation and thus is a debt collector pursuant to the Federal Debt Collection Practices Act ("FDCPA"). "The term 'debt collector' means any person who uses any instrumentality of interstate commerce or mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another." 15 U.S.C. § 1692a(6).

**PLAINTIFF'S OPPOSITION TO DEFENDANT ONE WEST BANK, F.S.B.'S MOTION TO DISMISS TO PLAINTIFF'S COMPLAINT AND; MEMORANDUM OF POINTS AND AUTHORITIES**

Federal law prohibits the use of "any false, deceptive, or misleading representations or means in connection with the collection of any debt… [including] the false misrepresentation of…character, amount, or legal status of any debt…or [t]he threat to take any action that cannot legally be taken…" 15 U.S.C. § 1692e(2)(A), (5). Defendants attempted to collect on the Note under false pretenses, namely that DEUTSCHE BANK claimed it was assigned Plaintiff's debt when in fact it was not.

ONE WEST, acting as Plaintiff's mortgage servicer, has been acting in a manner to mislead Mr. Forbes into believing that DEUTSCHE BANK had the authority to demand payments from him.  ONE WEST, acting as Plaintiff's mortgage servicer, threatened to take action against Plaintiff and engaged in collection activities that cannot legally be taken by them.

As alleged herein, Plaintiff's Note was not properly transferred to DEUTSCHE BANK, which seeks to cause their purported authorized agent(s) to collect mortgage payments and engage in other unlawful collection practices.  Plaintiff alleges that ONE WEST and DEUTSCHE BANK do not have a perfected security interest in Plaintiff's Note such that they can enforce Plaintiff's obligation and/or collect mortgage payments. Plaintiff alleges that ONE WEST and/or DEUTSCHE BANK falsely represented the status of his debt and Defendants' ability to enforce Plaintiff's debt obligation, in which they have no pecuniary, equitable, or legal interest.  Defendants knew that they were not acting on behalf of the current pecuniary beneficiary of the Note and Mortgage, yet continued to demand and collect Plaintiff's mortgage payments.

**PLAINTIFF'S OPPOSITION TO DEFENDANT ONE WEST BANK, F.S.B.'S MOTION TO DISMISS TO PLAINTIFF'S COMPLAINT AND; MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff further alleges that Defendants engaged in and are engaging in a pattern and practice of defrauding Plaintiff, in that during the entire life of the mortgage Loan, Defendants failed to properly credit payments made, incorrectly calculated interest on the account, and failed to accurately debit fees. Plaintiff also alleges that ONE WEST and DEUTSCHE BANK had actual knowledge that Plaintiff's account was not accurate, but caused Plaintiff to continue to make payments based on Defendants' inaccurate account. Plaintiff made payments based on these improper, inaccurate, and fraudulent representations.

The foregoing acts and omissions Defendants and their agents constitute numerous and multiple violations of the FDCPA including but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

Plaintiff could not have reasonably known of the existence of a claim for violation of 15 U.S.C. § 1692(e) because Defendants fraudulently concealed the fact that they were not entitled to enforce Plaintiff's debt obligation and that they were falsely representing to Plaintiff that the character and amount of money Plaintiff still owed on his debt.

   f. **Plaintiff Has Stated A Cause of Action for Violation of Business and**
      **Professions Code Section 17200.**

The UCL does not proscribe specific activities, but broadly prohibits any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue, or misleading advertising. The UCL governs anti-competitive business practices as well as

**PLAINTIFF'S OPPOSITION TO DEFENDANT ONE WEST BANK, F.S.B.'S MOTION TO DISMISS TO PLAINTIFF'S COMPLAINT AND; MEMORANDUM OF POINTS AND AUTHORITIES**

injuries to consumers, and has as a major purpose the preservation of fair business competition. By proscribing "any unlawful business practice," section 17200 "borrows" violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable.  Because section 17200 is written in the disjunctive, it establishes three varieties of unfair competition-acts or practices which are unlawful, or unfair, or fraudulent. In other words, a practice is prohibited as "unfair" or "deceptive" even if not "unlawful" and vice versa."  Puentes v. ONE WEST Home Mortg., Inc., 160 Cal. App. 4th 638, 643-644 (2008) (citations and quotations omitted).

The term "fraudulent" as used in section 17200 does not refer to the common law tort of fraud but only requires a showing that members of the public are likely to be deceived. Unless the challenged conduct targets a particular disadvantaged or vulnerable group, it is judged by the effect it would have on a reasonable consumer. Puentes, 160 Cal. App. 4th at 645.

Here, Defendants' acts amount to unfair, deceptive practices that constitute a violation of the Code. Plaintiff is a hard working individual who made numerous attempts to contact someone in order to explore his options to remain in his home and avoid the foreclosure. Defendants repetitively misled Plaintiff into believing that something would work out in his favor. Defendants' only purpose was to collect as much money as possible from Plaintiff before foreclosing on the property. Defendants have misrepresented the foreclosure documents, misstated Plaintiffs loan amount, not complied with statutory regulations, and induced Plaintiff to rely on statements regarding

**PLAINTIFF'S OPPOSITION TO DEFENDANT ONE WEST BANK, F.S.B.'S MOTION TO DISMISS TO PLAINTIFF'S COMPLAINT AND; MEMORANDUM OF POINTS AND AUTHORITIES**

the loan modification and Workout Agreement process. These acts led Plaintiff to believe he would eventually be approved even though Plaintiff's financial status had not changed.

### g.  Plaintiff Has Stated A Cause of Action for Accounting

DEUTSCHE BANK, and ONE WEST as its purported agent, have held themselves out to be Plaintiff's creditor and mortgage servicer.  As a result of this purported relationship with Plaintiff, Defendants have a fiduciary duty to Plaintiff to properly account for payments made by Plaintiff.

Plaintiff further alleges that Defendants failed to properly credit payments made, incorrectly calculated interest on the account, and failed to accurately debit fees. Plaintiff also alleges that ONE WEST and DEUTSCHE BANK had actual knowledge that Plaintiff's account was not accurate, but caused Plaintiff to continue to make payments based on Defendants' inaccurate account.

As a result of fraudulent conduct, Plaintiff has paid to DEUTSCHE BANK and ONE WEST mortgage payments for a period of approximately nine years.  However, for the reasons stated herein, none of this money was actually owed to DEUTSCHE BANK or ONE WEST. For that reason, these monies are due to be either credited back to Plaintiff in full or credited to the rightful owner of Plaintiff's Note and Mortgage.

The amount of the money due from Defendants to Plaintiff is unknown to Plaintiff and cannot be ascertained without an accounting.

**PLAINTIFF'S OPPOSITION TO DEFENDANT ONE WEST BANK, F.S.B.'S MOTION TO DISMISS TO PLAINTIFF'S COMPLAINT AND; MEMORANDUM OF POINTS AND AUTHORITIES**

1

## IV.  CONCLUSION

2       Based on the arguments made by the parties to this action, Defendants have not

3   met their burden of proof to show the Demurrer should be sustained.

4

5   DATED: March 12, 2012                The Law Offices of Art Hoomiratana

6

7

8                                        By:
                                            _____/S/_____
9                                            ART HOOMIRATANA
                                             Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S OPPOSITION TO DEFENDANT ONE WEST BANK, F.S.B.'S MOTION
TO DISMISS TO PLAINTIFF'S COMPLAINT AND; MEMORANDUM OF POINTS
AND AUTHORITIES**

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action.  I am employed in the City of Pasadena, California; my business address is: Law Offices of Art Hoomiratana 750 East Green Street, Suite 333, Pasadena, California 91101.

On the date below, I served a copy of the following document entitled:

**PLAINTIFF'S OPPOSITION TO DEFENDANT ONE WEST BANK, F.S.B.'S MOTION TO DISMISS TO PLAINTIFF'S COMPLAINT AND; MEMORANDUM OF POINT AND AUTHORITIES**

on all interested parties in said case addressed as follows:

### Served Electronically:

| *Counsel for Plaintiff* | *Counsel for Defendant* |
|---|---|
| Art Hoomiratana, Esq.<br>Antoinette M. Marino, Esq.<br>LAW OFFICES OF ART<br>HOOMIRATANA<br>750 East Green Street, Suite 333<br>Pasadena, California 91101<br>Email:<br>arthoomiratana@realestatelawcenter.org<br>Tel.: (888) 688-4770<br>Fax: (888) 848-4570 | *EMILY L. MURRAY, ESQ.*<br>*RACHEL M. SANDERS, ESQ.*<br>*ALLEN MATKINS LECK GAMBLE*<br>*515 SOUTH FIGUEROA STREET*<br>*9TH FLOOR*<br>*LOS ANGELES, CA 90071-3309*<br>*TELEPHONE: (213)622-5555*<br>*FACSIMILE: (213)620-8816*<br>*Email: emurray@allenmatkins.com*<br>*rsanders@allenmatkins.com* |

☐ **BY MAIL:**  By placing the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with the firm's practice of collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Pasadena, California, in sealed envelopes with postage fully thereon.

☒  **FEDERAL:**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  This declaration is executed in Pasadena, California, on March 20, 2013.

_/s/  Cynthia Lynn B._

_(Signature of Declarant)_