EMILY L. MURRAY (BAR NO. 223815)
RACHEL M. SANDERS (BAR NO. 258652)
ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail:  emurray@allenmatkins.com
         rsanders@allenmatkins.com

Attorneys for Defendants
OneWest Bank, FSB and Deutsche Bank National Trust Company, as Trustee of the IndyMac INDX Mortgage Trust 2007-AR21IP, Mortgage Pass-Through Certificates, Series 2007-AR21IP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON FORBES III,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ONE WEST BANK, F.S.B.; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE INDYMAC INDX MORTGAGE TRUST 2007-AR21IP UNDER THE POOLING AND SERVICING AGREEMENT DATES 07-18-2003; MERIDIAN FORECLOSURE SERVICE, A CALIFORNIA CORPORATION, AND DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No. 2:12-cv-09869-MWF-CW<br><br>OPPOSITION OF ONEWEST BANK, FSB AND DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE INDYMAC INDX MORTGAGE TRUST 2007-AR21IP, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AR21IP TO PLAINTIFF'S MOTION FOR ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE<br><br>Date:　April 29, 2013<br>Time:　10:00 a.m.<br>Ctrm:　1600<br>Judge:　Hon. Michael W. Fitzgerald<br><br>Complaint Filed:　November 16, 2012 |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

956713.01/LA

OPPOSITION TO MOTION TO DISMISS
COMPLAINT WITHOUT PREJUDICE

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................... 1

II. FACTUAL AND PROCEDURAL HISTORY ....................................... 1

III. DISMISSAL SHOULD BE WITH PREJUDICE .................................. 2

    A. Legal Standard ............................................................................... 2

    B. Defendants Will Suffer Legal Prejudice if Dismissal is Without Prejudice ..................................................................... 3

    C. Plaintiff Has Failed to State a Claim, Entitling Defendants to Dismissal With Prejudice ........................................................ 4

IV. CONCLUSION ....................................................................................... 5

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

956713.01/LA

(i)

OPPOSITION TO MOTION TO DISMISS
COMPLAINT WITHOUT PREJUDICE

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Brereton v. Bountiful City Corp.*,
    434 F.3d 1213 (10th Cir. Utah 2006) .......................................................... 3, 4

*Fischer v. Zespri Fresh Produce N. Am., Inc.*,
    2007 U.S. Dist. LEXIS 60563 (E.D. Cal. Aug. 17, 2007) ........................... 3, 4

*Fla. Evergreen Foliage v. E.I. Dupont De Nemours & Co.*,
    336 F.Supp.2d 1239 (S.D. Fla. 2004) ............................................................. 3

*Gomes v. Countrywide Home Loans, Inc.*,
    192 Cal.App.4th 1149 (2011) .......................................................................... 4

*Martin v. Winett*,
    2012 U.S. Dist. LEXIS 85741 (E.D. Cal. June 20, 2012) ........................... 2, 3

*McKown v. United States*,
    2013 U.S. Dist. LEXIS 46213 (E.D. Cal. Mar. 28, 2013) .................... 1, 2, 3, 4

*Paulucci v. City of Duluth*,
    826 F.2d 780 (8th Cir. 1987) ........................................................................... 3

*Phillips USA, Inc. v. Allflex USA, Inc.*,
    77 F.3d 354 (10th Cir. 1996) ....................................................................... 2, 3

*Smith v. Lenches*,
    263 F.3d 972 (9th Cir. 2001) ........................................................................... 2

**Rules**

Federal Rule of Civil Procedure 12(b)(6) .............................................................. 3

Federal Rule of Civil Procedure 41(a)(2) ...................................................... 1, 2, 4

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

956713.01/LA

OPPOSITION TO MOTION TO DISMISS
COMPLAINT WITHOUT PREJUDICE

(ii)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Gordon Forbes III ("Plaintiff") moves the Court to dismiss his First Amended Complaint ("FAC") without prejudice pursuant to Federal Rule of Civil Procedure ("FRCP") 41(a)(2). Defendants OneWest Bank, FSB and Deutsche Bank National Trust Company, as Trustee of the IndyMac INDX Mortgage Trust 2007-AR21IP, Mortgage Pass-Through Certificates, Series 2007-AR21IP (collectively, "Defendants") do not oppose dismissal of the FAC, but contend that dismissal should be <u>with prejudice</u>. As such, there is no question as to whether the action should be dismissed – the only issue is whether the action should be dismissed with or without prejudice.

Dismissal with prejudice is appropriate because the timing of Plaintiff's motion strongly indicates that the only reason he is seeking dismissal is an anticipated ruling adverse to Plaintiff on Defendants' pending Motion for Judgment on the Pleadings ("MJOP"). *McKown v. United States*, 2013 U.S. Dist. LEXIS 46213 (E.D. Cal. Mar. 28, 2013). In addition, dismissal with prejudice is appropriate because Plaintiff has failed to justify his five month delay in seeking voluntary dismissal and/or replacing his counsel, and Defendants have incurred substantial costs in responding to this meritless action. (*Id.*) Finally, as set forth in Defendants' MJOP, Plaintiff has not and cannot state a claim, which is an independent basis for dismissal with prejudice.

## II. FACTUAL AND PROCEDURAL HISTORY

Plaintiff's original Complaint in this action was filed on November 16, 2012. (Docket No. 1.) The lawsuit relates to a mortgage loan obtained by Plaintiff, upon which Plaintiff has admittedly defaulted. (FAC, ¶ 24.) Defendants filed an answer and a motion for judgment on the pleadings with respect to Plaintiff's original Complaint, which was unopposed and granted by the Court with leave to amend on January 24, 2013. (Docket No. 14.) The Court's order noted that "the Motion

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

956713.01/LA

OPPOSITION TO MOTION TO DISMISS
COMPLAINT WITHOUT PREJUDICE

-1-

appears to be well taken in identifying insufficiencies in Forbes's Complaint." (*Id.*) Plaintiff nevertheless filed a substantially similar FAC on or about February 13, 2013. (Docket No. 20.)

Defendants filed an MJOP with respect to the FAC on March 5, 2013, which is set for hearing on April 15, 2013. (Docket No. 22.) On March 29, 2013, Plaintiff substituted in place of his prior counsel, and filed his FRCP 41(a)(2) motion for voluntary dismissal without prejudice, which is set for hearing on April 29, 2013. (Docket Nos. 27, 29.) Plaintiff claims that he did not review or approve the prior pleadings in this case, and disagreed with the manner in which his prior counsel presented the case. (Docket No. 29, at 3.)

## III.   DISMISSAL SHOULD BE WITH PREJUDICE

### A.   Legal Standard

FRCP 41(a)(2) allows the courts to grant a plaintiff's request for voluntary dismissal without prejudice "unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "'[L]egal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'" *Id.*

In whether legal prejudice will result, "… a court may consider whether the plaintiff is requesting a voluntary dismissal only to avoid a near-certain adverse ruling." *McKown, supra,* 2013 U.S. Dist. LEXIS 46213 at *8-10. A party should not be permitted to avoid an adverse decision on a dispositive motion by dismissing a claim without prejudice. *Id.,* citing *Martin v. Winett*, 2012 U.S. Dist. LEXIS 85741 at *2 (E.D. Cal. June 20, 2012); *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996). Thus, an attempt by the plaintiff to avoid an adverse decision on the merits may constitute legal prejudice, meriting dismissal with prejudice.

Other factors the court may consider in determining whether a defendant will suffer legal prejudice include: (1) the defendant's effort and expense involved in

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

956713.01/LA

-2-

OPPOSITION TO MOTION TO DISMISS
COMPLAINT WITHOUT PREJUDICE

preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) the fact that summary judgment has been filed by the defendant. *Fischer v. Zespri Fresh Produce N. Am., Inc.*, 2007 U.S. Dist. LEXIS 60563 at *8-9 (E.D. Cal. Aug. 17, 2007), citing *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987)).

In addition, as set forth in Defendants' MJOP, dismissal with prejudice is appropriate where it is clear that Plaintiff cannot state a claim. FRCP 12(b)(6); *see also Fla. Evergreen Foliage v. E.I. Dupont De Nemours & Co.*, 336 F.Supp.2d 1239, 1252 (S.D. Fla. 2004) (stating that "when on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate."); *see also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. Utah 2006) (stating that "[a] dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.")

### B. Defendants Will Suffer Legal Prejudice if Dismissal is Without Prejudice

The timing of Plaintiff's request for dismissal – after his opposition to the MJOP had been filed, but before the hearing date – strongly suggests that the sole reason that he is seeking dismissal is anticipation of an adverse ruling on Defendants' MJOP. Avoidance of an adverse ruling on the MJOP is an impermissible basis for Plaintiff to obtain a voluntary dismissal without prejudice. *See McKown, supra*, 2013 U.S. Dist. LEXIS 46213 at *8-10; *Martin, supra*, 2012 U.S. Dist. LEXIS 85741 at *2; *Phillips, supra*, 77 F.3d at 358. For this reason alone, there is legal prejudice to Defendants, and dismissal must be with prejudice.

In addition, the action has been pending for five months, and Plaintiff's complaint has already been amended once. Plaintiff had ample prior opportunity to replace his counsel, if he was truly dissatisfied with their work, or to request

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

956713.01/LA

OPPOSITION TO MOTION TO DISMISS
COMPLAINT WITHOUT PREJUDICE

-3-

1  voluntary dismissal. Plaintiff has not justified his five month delay in seeking
2  dismissal and/or replacing his counsel. This too is prejudicial to Defendants, and a
3  basis for dismissal without prejudice. *See McKown, supra,* 2013 U.S. Dist. LEXIS
4  46213 at *8-10; *Fischer, supra,* 2007 U.S. Dist. LEXIS 60563 at *8-9. Moreover,
5  Defendants have incurred significant time and expense in litigating this meritless
6  action, which is also prejudicial and a basis for dismissal without prejudice. (*Id.*)
7      Accordingly, legal prejudice to Defendants will result from a dismissal
8  without prejudice, and dismissal pursuant to FRCP 41(a)(2) should be with
9  prejudice.

### C. Plaintiff Has Failed to State a Claim, Entitling Defendants to Dismissal With Prejudice

12     As set forth in detail in Defendants' pending MJOP, Plaintiff has not and
13 cannot state a claim upon which any type of relief can be granted. Each of the
14 causes of action set forth in both the initial Complaint and the FAC rely entirely on
15 allegations challenging the securitization and assignment of the loan. (FAC, ¶¶ 18-
16 22.) Defendants' MJOP explains that Plaintiff lacks standing to challenge the
17 validity of the securitization process or the Assignment to DBNTC as Trustee.
18 Under California's statutory scheme governing nonjudicial foreclosure, Plaintiff is
19 not permitted to go behind the documents recorded with the Santa Barbara County
20 Recorder's Office to assert that DBNTC as Trustee somehow did not obtain the
21 beneficial rights granted by the validly recorded assignment. *See Gomes v.
22 Countrywide Home Loans, Inc.*, 192 Cal.App.4th 1149, 1154 (2011). Plaintiff has
23 not set forth any other allegations to support any of his causes of action, and indeed,
24 has not set forth any allegations whatsoever to support <u>any</u> cause of action.
25 Dismissal with prejudice is therefore independently warranted on the MJOP. *See
26 Brereton, supra,* 434 F.3d at 1219.
27     This matter should be dismissed on Defendants' MJOP – or Plaintiff's Motion
28 – with prejudice because Plaintiff cannot state a claim.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

956713.01/LA

-4-

OPPOSITION TO MOTION TO DISMISS
COMPLAINT WITHOUT PREJUDICE

## IV. CONCLUSION

In light of the foregoing, and in light of the arguments previously made in Defendants' MJOP, Defendants respectfully request that this matter be dismissed with prejudice.

Dated: April 8, 2013

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
EMILY L. MURRAY
RACHEL M. SANDERS

By: /s/ Emily L. Murray
EMILY L. MURRAY
Attorneys for Defendants
OneWest Bank, FSB and Deutsche Bank National Trust Company, as Trustee of the IndyMac INDX Mortgage Trust 2007-AR21IP, Mortgage Pass-Through Certificates, Series 2007-AR21IP

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

956713.01/LA

OPPOSITION TO MOTION TO DISMISS
COMPLAINT WITHOUT PREJUDICE

-5-

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and am not a party to this action. My business address is 515 South Figueroa Street, Ninth Floor, Los Angeles, California 90071-3309.

On April 8, 2013, I served the within document(s) described as:

OPPOSITION OF ONEWEST BANK, FSB AND DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE INDYMAC INDX MORTGAGE TRUST 2007-AR21IP, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AR21IP TO PLAINTIFF'S MOTION FOR ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE

on the interested parties in this action as stated below:

Gordon Forbes, III                    Plaintiff in Pro Per
635 ½ Chapala Street
Santa Barbara, CA  93101

☒ **BY OVERNIGHT DELIVERY:** I deposited in a box or other facility regularly maintained by FedEx, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document(s) in sealed envelopes or packages designated by the express service carrier, addressed as indicated above on the above-mentioned date, with fees for overnight delivery paid or provided for.

☒ **BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – The above-described document(s) will be served by the Court via NEF. On **April 8, 2013**, I checked the CM/ECF docket for this case and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- **Michael William Burnett**
  mwb@burnettpc.com,tanielski@burnettpc.com

- **Daniel P Lucid**
  Daniellucid@realestatelawcenter.org,Dan@bestcases.org,daniellucid@rocketmail.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 8, 2013, at Los Angeles, California.

| Lorrie Anderson | */s/ Lorrie Anderson* |
|---|---|
| (Type or print name) | (Signature of Declarant) |